UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPORTSWEAR COMPANY – S.p.A,

        Plaintiff,

        v.

airik, et al.,

        Defendants.

CIVIL ACTION NO.
1:22-CV-1051-JPB

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT

This cause is before the Court on Plaintiff's Motion for Default Judgment

and Permanent Injunctive Relief [Doc. 27] pursuant to Federal Rule of Civil

Procedure 55(b) against Defendants, the individuals, partnerships and

unincorporated associations identified on Exhibit A ("Defaulting Defendants").

Defaulting Defendants use counterfeit and/or infringing copies of Plaintiff's

federally registered trademarks on or in connection with the manufacture,

marketing, advertising and/or sale of unauthorized goods through various e-

commerce marketplaces.  The Clerk previously entered default against Defaulting

Defendants for their failure to appear, answer or otherwise defend.

Plaintiff now requests the Court:  (1) enter a final default judgment against

Defaulting Defendants; (2) permanently enjoin Defaulting Defendants from

manufacturing, marketing, advertising and/or selling non-genuine goods bearing counterfeit and/or infringing copies of Plaintiff's registered trademarks and from using Plaintiff's trademarks in advertising any non-genuine goods; (3) award statutory damages for use of counterfeit marks; (4) issue a post-judgment asset freeze order; and (5) authorize the release and transfer of Defaulting Defendants' previously frozen assets, as well as any assets subsequently frozen pursuant to the post-judgment asset freeze order, to satisfy damages awarded to Plaintiff.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.  "A 'defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . .'"  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Default judgment is appropriate where the well-pleaded allegations of fact in a complaint are sufficient to state a claim for relief.  United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006).  However, a defendant is not held to admit conclusions of law.  United States v. Ruetz, 334 F. App'x 294, 295 (11th Cir. 2009).

2

## ANALYSIS

**I.      Plaintiff Has Established that Defaulting Defendants Infringed its Registered Trademarks**

Pursuant to Section 32(1) of the Lanham Act, any person who, without the

consent of the registrant,

> use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or service on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[,]

is liable to the registrant for the remedies set forth in the Act.  15 U.S.C. § 1114(1).

"To establish a prima facie case in an ordinary trademark infringement suit, a

claimant need only demonstrate that:  (1) it enjoys enforceable rights in a mark,

and (2) the alleged infringer adopted a mark that is the same or confusingly

similar."  SunAmerica Corp. v. Sun Life Assurance Co. of Can., 77 F.3d 1325,

1334 (11th Cir. 1996).  Ownership of a mark on the principal register is

> prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration.

15 U.S.C. § 1115(a).

Plaintiff has alleged the following in its well-pleaded Complaint:

First, Plaintiff owns numerous federally registered trademarks that reside on the Principal Registry, including, but not limited to, the following ("Plaintiff's Marks"):

| Mark | U.S. Federal Reg. Nos. |
|---|---|
| STONE ISLAND | 2706733 |
|  | 4500017 |
|  | 1370214 |
|  | 3707866<br><br>3496280 |
|  | 3520867 |
|  | 5706359 |

4

| Mark | U.S. Federal Reg. Nos. |
|---|---|
|  | 5958392 |

[Doc. 1-1, pp. 2–14]. Second, Defaulting Defendants have used counterfeits

and/or infringing copy of one or more of Plaintiff's Marks on or in connection with

the manufacturing, marketing and/or sale of non-genuine goods ("Counterfeit

Products") in such a manner that is likely to cause consumer confusion. [Doc. 1, p.

10]. Third, Defaulting Defendants' infringement was willful. Id. at 10–11.

Therefore, Plaintiff has pleaded facts sufficient to establish: (1) its

ownership of valid federally registered marks; (2) that Defaulting Defendants have

used counterfeit copies and/or infringing copies of one or more of Plaintiff's Marks

in the manufacturing, marketing, and/or sale of non-genuine goods in a manner

that is likely to cause consumer confusion in violation of the Lanham Act; and (3)

Defaulting Defendants' willfulness in a manner that is sufficient to state a claim for

relief. Plaintiff also submitted evidence of Defaulting Defendants' infringement

with its Motion for Temporary Restraining Order. Therefore, Plaintiff is entitled to

5

default judgment against Defaulting Defendants on its claims for trademark

infringement.

## II.     Remedies

### A.     Permanent Injunction

A district court is authorized to issue a permanent injunction on terms the

court deems reasonable to prevent infringement of both copyrights and trademarks.

15 U.S.C. § 1116(a); 17 U.S.C. § 502(a).  Additionally, a court may issue a

permanent injunction against a defaulting defendant.  See PetMed Express, Inc. v.

MedPets.com, Inc., 336 F. Supp. 2d 1213, 1222–23 (S.D. Fla. 2004).  Because

Defendants have not responded or otherwise appeared, it is difficult for Plaintiff to

prevent further infringement absent an injunction.  See Jackson v. Sturkie, 255 F.

Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this

litigation has given the court no assurance that defendant's infringing activity will

cease.  Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates:

(1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the

balance of hardship favors an equitable remedy; and (4) an issuance of an

injunction is in the public interest.  Angel Flight of Ga., Inc. v. Angel Flight of

Am., Inc., 522 F.3d 1200, 1208 (11th Cir. 2008).  Plaintiff carried its burden on

each of these four factors.  Defaulting Defendants' continued marketing and sales

of counterfeit products would erode the value of Plaintiff's registered trademarks

and damage Plaintiff's reputation.  Levi Strauss & Co. v. Sunrise Int'l Trading

Inc., 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale

of thousands of pairs of counterfeit jeans would damage [the plaintiff's] business

reputation and decrease its legitimate sales.  This court has previously stated that

such trademark infringement 'by its nature causes irreparable harm.'" (quoting

Tally-Ho, Inc. v. Coast Cmty. Coll. Dist., 889 F.2d 1018, 1029 (11th Cir. 1989))).

Plaintiff has no adequate remedy at law so long as Defaulting Defendants

continue to sell counterfeit products because Plaintiff cannot control the quality of

the counterfeit products being manufactured and sold.  Similarly, an award of

money damages alone will not cure the injury to Plaintiff's reputation and goodwill

that will result if Defaulting Defendants' infringing and counterfeiting actions are

allowed to continue.  Moreover, Plaintiff faces severe hardship from its substantial

loss of sales and its inability to control its reputation in the marketplace.  By

contrast, Defaulting Defendants face no hardship if they are prohibited from selling

unauthorized copies of Plaintiff's products or prohibited from selling infringing

products bearing a counterfeit copy of one of Plaintiff's registered trademarks.

Finally, the public interest supports issuance of a permanent injunction against

Defaulting Defendants to prevent consumers from being misled by Defaulting

Defendants' products.  See Nike, Inc. v. Leslie, No. 85-960 Civ-T-15, 1985 WL

5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing

behavior serves the public interest in protecting consumers from such behavior.").

### B.      Statutory Damages for Use of a Counterfeit Mark

The Lanham Act provides that, in a case involving use of a counterfeit mark,

> the plaintiff may elect, at any time before final judgment is rendered
> by the trial court, to recover, instead of actual damages and profits . . .
> an award of statutory damages for any such use in connection with the
> sale, offering for sale, or distribution of goods or services in the
> amount of . . . not less than $1,000 or more than $200,000 per
> counterfeit mark per type of goods or services sold, offered for sale, or
> distributed, as the court considers just.

15 U.S.C. § 1117(c).  A counterfeit mark "is a spurious mark which is identical

with, or substantially indistinguishable from," a mark that is registered on the

Principal Register.  Id. § 1127.  In cases where a court finds that the use of the

counterfeit mark was willful, the maximum available statutory damages increase to

"not more than $2,000,000 per counterfeit mark per type of goods or services sold,

offered for sale, or distributed, as the court considers just."  Id. § 1117(c)(2).

Plaintiff requests that the Court award statutory damages against Defaulting

Defendants in the amount of $5,000 each and further requests that the Court treble

this award to $15,000 per Defaulting Defendant in light of the demonstrated

intentional and willful infringement.  [Doc. 27-1, pp. 2, 12].  The Court agrees that

this amount is sufficient to compensate Plaintiff for its lost sales, disgorge

Defaulting Defendants' ill-gotten gains and deter Defaulting Defendants from

future infringing conduct.

### III.    Plaintiff is Entitled to Continue the Asset Freeze and to Receive the Frozen Funds in Partial Satisfaction of the Judgment

Plaintiff has requested that the Court extend the asset freeze, initially granted

in the Temporary Restraining Order and Preliminary Injunction.  Rule 64 provides

that "[a]t the commencement of and throughout an action, every remedy is

available that, under the law of the state where the court is located, provides for

seizing a person or property to secure satisfaction of the potential judgment."  Fed.

R. Civ. P. 64(a).  The remedies available under Rule 64 include attachment and

garnishment.  Fed. R. Civ. P. 64(b).  This Court initially ordered that Defaulting

Defendants' assets be frozen to preserve assets that might be used to satisfy a final

judgment.  [Doc. 11].  The Court may extend the asset freeze order beyond the

entry of the final judgment because the risk that Defaulting Defendants might

transfer or hide their assets is not lessened by entry of a judgment.  Tiffany (NJ)

LLC v. Forbse, No. 11 Civ. 4976, 2015 WL 5638060, at *4 (S.D.N.Y. Sept. 22,

2015) ("The asset restraint should remain in place in order to prevent the very

harm initially contemplated by the preliminary injunction . . . .").  Other courts

have allowed asset freeze orders to remain in place following a judgment and have

ordered the transfer of frozen assets in full or partial satisfaction of a judgment.

Axiom Worldwide, Inc. v. HTRD Grp. Hong Kong Ltd., No. 8:11-CV-1468-T-33,

2015 WL 9673589, at *3 (M.D. Fla. Dec. 8, 2015), R. & R. adopted, 2016 WL

81377 (M.D. Fla. Jan. 7, 2016); Spin Master Ltd. v. Alan Yuan's Store, 325 F.

Supp. 3d 413, 427–28 (S.D.N.Y. 2018).  This Court agrees and orders that the

original asset freeze remain in place.  This Court further orders that any financial

institution, e-commerce marketplace or other third-party custodian that receives

notice of this Order conduct an additional freeze of any assets in Defaulting

Defendants' accounts and maintain the initially and subsequently frozen assets

until Plaintiff can enforce and satisfy the judgment.  Finally, the Court orders that

all frozen assets held by any financial institution, e-commerce marketplace or other

third-party custodian be released to the Plaintiff in full or partial satisfaction of the

final judgment.

## CONCLUSION

For the foregoing reasons, this Court holds that Plaintiff is entitled to the

entry of final default judgment.  This Court **GRANTS** Plaintiff's Motion for

Default Judgment and Permanent Injunctive Relief [Doc. 27].

Final judgment and permanent injunction shall be entered by a separate

order.

**SO ORDERED** this 17th day of November, 2022.

_____

**J. P. BOULEE**
United States District Judge

# EXHIBIT A

## LIST OF DEFAULTING DEFENDANTS

| | |
|---|---|
| airik | gaoman |
| aixdhbuyct | ggg669 |
| america123 | gongxiaodian |
| ao10dhgatebuy | good_shop111 |
| aoqdcbu518 | goodoy |
| apprelzjt | hamburgersdogs |
| bangtou | happy0525 |
| bbb001 | heysery |
| bbb0808 | home713 |
| benjia | htb520 |
| biao5188 | huacai12 |
| blueblueshoes | hunag073511 |
| brand000 | inikey |
| buyminist | iyeezy700 |
| championtop | jay0112 |
| chengcheng21 | jmmake88 |
| choxxxcomb | joe_biden_ |
| cl555 | junyuechaopai |
| dandelionl6 | jys001 |
| designerjuliashoes | kingofthesky |
| dhfuzhuang | kk241010 |
| dhgatenyt | li8610 |
| dhgatezimenbuy | lilei229 |
| dhngcbuygate | lishuanglai001 |
| diudiuni | liverpool01 |
| djl82 | llvv1688 |
| dmipower | lqf7688 |
| edg0012 | lqh6288 |
| famousbrand2 | lsoikbvzqc335 |
| fashion_hoodies886 | lv0612 |
| fashioncity111 | lv0717 |
| fashiontotes1588 | lvchuan |
| fenghua001 | m183001 |
| fmlcbhfs568 | meat3package |

mizon998
monclair jacket
morangbuydhtr
mwl826
nanproduct
nanxian01
newdesigner03
ningyanwen721
okshoes1
ourlove_88
pamashoes
performancepelse
populars09
premiumcollection
q193919152
relatives95
rose500
royech668
rui1111
shagua55
shoppeok
skoqi
songzhen001
spicy_crab
stonefashionista
stoneisland88
StoneIsland888
stoneislandmoncler
streetdress
tanhua77
teenagermaledear
thecolour
themostbeautiful
tianjiaqiang123
tjq306
tophoodie
Topstone island cp
trendofthelv

tshirtlv33
tudou12
uruobuydhtf
vuition
vvipsellers
wangguihang2
wangxinghuar
wenchunning
wfc102030
whl719
wogua55
wulin001
wwwxx777
xiaoke999
xyfz4
xyluxurious02
yongyuanxingyun1
yunliwuli801
yy54
zhang921019
zhizhi001
zibodhbuytr
zjj111
zjj222
zjj333
zjj444
zjj777
zjj888
zjj999
zjj66666
zjy105